**Marion C. RAMBO, Jr., et al., Petitioners,**

v.

**Chief Judge, Alfred R. FRACZKOWSKI,
et al., Respondents.**

Superior Court of Delaware,
New Castle.

Submitted Dec. 19, 1975.

Decided Dec. 23, 1975.

Clifford B. Hearn, Jr., of Balick & Hearn, Wilmington, for petitioners.

Timothy M. Rafferty, Asst. City Solicitor, Wilmington, for respondents.

O'HARA, Judge.

Petitioners are defendants in criminal actions presently pending in the Municipal Court of Wilmington, Delaware, in which they are charged with criminal contempt. Petitioners seek a Writ of Prohibition to prevent respondents, the Judges of the Municipal Court, from taking further action upon those charges.

The contempt charges were brought against petitioners for the alleged violation of a bail condition set by the Municipal Court. Petitioners had been arrested and charged with disorderly conduct and other offenses for certain of their activities during the course of a teachers' strike in which they were participating. As a condition to their release pending trial, the Municipal Court imposed, *inter alia,* a curfew under which petitioners were prohibited from leaving their residences between the hours of 8:00 A.M. and 4:00 P.M., Monday through Friday, except to go to their regular employment in the Wilmington Public School System. Petitioners allegedly violated this condition.

Subsequent to the time the violation is alleged to have occurred, a hearing was held in this Court to consider these petitioners' application for a Writ of Habeas Corpus, in which petitioners sought to have the curfew condition removed. The Court, after hearing argument as to whether the

condition unconstitutionally restricted the liberties of those bound by it, ordered the condition "vacated as void because the Judge abused his discretion".

Petitioners now argue, in support of their application for a Writ of Prohibition, that because the bail condition was ultimately held to be "void", it was void *ab initio,* and disobedience of it, therefore, cannot be sanctioned by way of criminal contempt charges.

█ .The general rule applicable to the use of contempt sanctions for disobedience of a court order was set out by our Supreme Court in *Mayer v. Mayer,* Del.Supr., 36 Del.Ch. 457, 132 A.2d 617 (1957) :

"The party charged is aways at liberty to defend his disregard of the court's order by showing that the order was void for lack of jurisdiction. In a contempt proceeding based upon the violation of an injunction, the only legitimate inquiry to be made by the court is whether or not it had jurisdiction of the parties and of the subject matter. Subject to this limitation the court will not listen to an excuse for the contemptuous action based upon an argument that the order in question was imperfect or erroneous. No person may with impunity disregard an order of the court having jurisdiction over the subject matter and of the parties."

It has been said that this general rule is not entirely without limitations. The rule presupposes the availability of adequate and effective remedies for orderly review of the challenged ruling. In addition, the order must not. require an irrevocable and permanent surrender of constitutional rights. *United States v. Dickinson,* 5th Cir., 465 F.2d 496 (1972).

█ The order which petitioners allegedly violated does not, however, suffer from either of these infirmities. Petitioners had recourse to this Court for review of the bail condition set by the Municipal Court. They exercised their right to review and they were promptly given a hearing. Indeed, they were successful in their efforts to have the curfew removed.

Further, it cannot be said that the curfew condition required so irretrievable a surrender of constitutional rights that petitioners could violate it with impunity. While the Court views the curfew condition as a serious abridgement of petitioners' constitutional liberties, as witnessed by its previous finding that the imposition of the condition constituted an abuse of discretion, the Court finds no irreparable damage to petitioners' rights which resulted from the short-lived existence of the curfew.

It is thus apparent that the case at bar fits squarely within the rules set out above. No contention is made that the Municipal Court lacked either subject matter or personal jurisdiction. Rather, it is argued that the concept of jurisdiction should be expanded in the present context to encompass the Court's correctness in entering a particular order. However, the cases relied upon by petitioners do not support this contention.

The great weight of authority, including the authorities cited by petitioners, permits disobedience of a court order with impunity only where the court lacks either jurisdiction over the parties or the power to enter an order of the general type which is entered (i. e. subject matter jurisdiction). See generally, 12 A.L.R.2d 1059. In the instant case, the Municipal Court clearly was authorized by statute to impose conditions of various kinds upon the release of the defendants before it. 11 Del.C. § 2108. Although the imposition of the curfew was later found to have been an abuse of discretion, the Court nevertheless had jurisdiction to make such an order.

It is perhaps unfortunate that this Court used the word "void" in its order declaring

the curfew invalid, but the use of that word is not of controlling significance, as petitioners suggest. Of much greater significance is the fact that the condition was declared invalid not because the Municipal Court lacked jurisdiction to enter it but because the Municipal Court abused is discretion in carrying out its jurisdiction.

Respondents have also raised the procedural question of the propriety of a Writ of Prohibition in this setting, but, inasmuch as the Court finds petitioners' contention insufficient on the merits, this procedural question need not be decided.

In accordance with the reasoning herein, the petition for a Writ of Prohibition should be denied.

It is so ordered.